IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|   |   |
|---|---|
| IN RE ) | |
| ) | |
| AIRCOMM COMMUNICATIONS, INC, ) | CASE NO. 10-80444-G3-11 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Emergency Motion of Regions Bank for Order Prohibiting Debtor's Use of Cash Collateral and for Adequate Protection" (Docket No. 13). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Aircomm Communications, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 30, 2010. Debtor has remained as a debtor in possession pursuant to Section 1107 of the Bankruptcy Code.

Regions Bank ("Movant") has filed a proof of claim in the above captioned case, in the amount of $844,757.05. Movant asserts that its debt is secured by, inter alia, an assignment of

rents as to residential property located in Santa Fe, Texas.  The assignment of rents reflects a property address of 1496 Avenue Q, Santa Fe, Texas.  (Movant's Exhibit 2).  Movant presented documentary evidence, but did not present testimony in support of the instant motion.

No order has been entered in the above captioned case authorizing Debtor's use of the cash collateral of Regions Bank.  Debtor's president and sole shareholder, Joe E. Walters, Jr., testified that Debtor has not reached an agreement for the use of cash collateral with Regions Bank.

Walters testified that Debtor owns eight units in a sixteen unit apartment complex located at 1430 Avenue Q, Santa Fe, Texas.  He testified that Debtor also owns a commercial building located at 12227 Highway 6, Santa Fe, Texas.

Walters testified that, since the date of filing of the petition in the instant case, Debtor has not segregated the cash collateral of Movant from other funds in its debtor in possession bank account.  He testified that Debtor has not provided to Movant a detailed accounting of cash collateral used since the date of filing of the petition.  He testified that Debtor has spent funds to pay the hourly wage of Walters' assistant, as well as leasing commissions, painting, cleaning, landscape, tenant buildout on the 12227 Highway 6 property, and non-bankruptcy

legal fees.[1]

Walters has presented projections of income and expenses for 2011, for properties located at 1430 Avenue Q, 12227 Highway 6, and 12221 Highway 6.[2]  Walters projects monthly income of $7,203.99 for the 1430 Avenue Q property, expenses of $1,865.00, and debt service of $5,094.12, for a net income of $244.87.  (Debtor's Exhibit 1).

Debtor has submitted what it labels as cash collateral budgets for September, 2010 and October, 2010 for each of the three properties.  Debtor has additionally submitted what it labels as monthly cash collateral budgets for June, 2010 through August, 2010 as to the property located at 12221 Highway 6.

Walters testified that he believes Debtor needs to continue using Movant's cash collateral to pay wages, leasing commissions, legal fees, utilities, advertising, maintenance, and landscaping.  He testified that Debtor has continued to maintain a credit card account at Home Depot, and needs the use of cash collateral to pay suppliers.

---

[1] The court notes that Debtor has not sought authority to employ counsel other than its bankruptcy counsel.

[2] Walters testified that the property located at 12221 Highway 6 is owned by Southbelt Properties Management, Inc., another entity in which Walters owns an interest.  He testified that one of Movant's loans to Debtor is cross-collateralized with the property located at 12221 Highway 6.

## Conclusions of Law

Under Section 363(c)(2) of the Bankruptcy Code, a trustee (including a Chapter 11 debtor in possession) may not use cash collateral unless each entity that has an interest in such cash collateral consents, or the court, after notice and a hearing, authorizes such use.  11 U.S.C. § 363(c)(2).

Except as provided in Section 363(c)(2), the trustee (including a Chapter 11 debtor in possession) shall segregate and account for any cash collateral in the trustee's possession, custody, or control.  11 U.S.C. § 363(c)(4).

On request of an entity that has an interest in, <u>inter alia</u>, cash collateral, the court shall prohibit or condition the use of, <u>inter</u> <u>alia</u>, cash collateral "as is necessary to provide adequate protection of such interest."  11 U.S.C. § 363(e).

In a hearing under Section 363, the trustee (including a Chapter 11 debtor in possession) has the burden of proof on the issue of adequate protection.  11 U.S.C. § 363(p)(1).  The entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest.  11 U.S.C. § 363(p)(2).

In the instant case, Movant has not met its burden of proof to establish that any of Debtor's cash is its cash collateral.  Movant has not presented any evidence which ties the property covered by its assignment of rents to Debtor's property.

4

Thus, the court concludes that the instant motion should be denied without prejudice.

However, the court notes that Debtor's obligation to segregate and account for cash collateral is independent of the instant motion. Debtor may not use Movant's cash collateral, to the extent such cash collateral exists, without either an order of this court authorizing Debtor to do so, or the consent of each entity with an interest in the cash collateral. Moreover, to the extent Debtor seeks to use cash collateral, it is obligated to provide adequate protection of each entity's interest in the cash collateral.

Based on the foregoing, the court will enter a separate conforming Judgment.

Signed at Houston, Texas on December 2, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE